UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 00-cr-40070-JPG |
| KALIM T. WILSON, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Kalim T. Wilson's ("Wilson") motion for a free copy of the docket sheet, the indictment and his guilty plea and sentencing transcripts (Doc. 43). It appears that Wilson claims he needs these documents to investigate some tainted testimony given before the Court.

Defendants have no constitutional right to a complimentary copy of any document in their court file. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require minimal the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial or appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. 411. These minimal requirements would not impose any substantial burden to financially unable prisoners who desire

their records be sent to them at Government expense.

The Court finds Wilson has not made the showing this Court requires before it will award free copies of documents from the file.  Wilson does not allege that he has sought the subject documents from all other sources such as, for example, his trial counsel.  As for the docket sheet and indictment, this is sufficient to justify denying Wilson's request.  As for the plea and sentencing transcript, the Court notes that there are no other sources.  No transcript of the proceedings in this case was ever prepared, although they were recorded by the court reporter at the time.  For this reason, the Court finds that Wilson has satisfied the first element of the test with respect to the transcripts only.

Wilson has failed to provide sufficient evidence that he is indigent and cannot pay for the documents he requests.  He has submitted no documentation of the current status of his finances.  Therefore, he has failed to satisfy the second requirement.

Finally, Wilson has not shown that he needs the documents for the preparation of a non-frivolous court action.  Wilson has no pending matter before this Court.  This Court, therefore, is unable to certify that the petitioner is pursuing a matter that is not frivolous or that transcripts or other documents are needed to decide the issue or issues presented by such a matter.  *United States v. Hovarth*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence).  If, at some point, the defendant should have an action pending before this Court, he may resubmit his request for free transcripts.  At such time, the defendant will have the burden to establish (1) that he is indigent (such as by submitting an affidavit and a record of his prison trust fund account for the last six-months), and (2) that the transcripts are needed to decide a pending

non-frivolous motion.

For the foregoing reasons, the Court hereby **DENIES** the motion (Doc. 43).

**IT IS SO ORDERED.**
**DATED:  November 26, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
